**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shahzad Saleem | CHAPTER 13 |
| Debtor(s) | |
| PENNSYLVANIA HOUSING FINANCE AGENCY | |
| Movant | NO. 18-10300 MDC |
| vs. | |
| Shahzad Saleem | |
| Debtor(s) | |
| | 11 U.S.C. Section 362 |
| William C. Miller Esq. | |
| Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The Order entered on July 2, 2021, granting Movant relief from the automatic stay as to the Property located at 1142 Bingham Street, Philadelphia, PA 19115 is vacated as to Debtor (relief from the co-debtor stay is still in effect).

2.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,493.24,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | $1,258.31 for May 2021 through August 2021 |
| Suspense Balance: | ($828.00) |
| Fees & Costs Relating to Motions: | $1,288.00 |
| **Total Post-Petition Arrears** | **$5,493.24** |

3.      The Debtor(s) shall cure said arrearages in the following manner:

a)      Beginning September 1, 2021 and continuing through February 1, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,258.31** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the last day of

each month, plus an installment payment of $**915.54** towards the arrearages from September 2021 through February 2022 on or before the last day of each month.

        b)     Maintenance of current monthly mortgage payments to the Movant thereafter.

4.     Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.     In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.     The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.     If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.     The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 10, 2021                    /s/Rebecca A. Solarz, Esq.
                                           Rebecca A. Solarz, Esq.
                                           Attorney for Movant


Date: 8/16/2021                            _____
                                           David J. Averett
                                           Attorney for Debtor(s)

                                                        *No objection to its terms,
                                                        without prejudice to any of our
Date:   August 23, 2021                                 rights and remedies
                                           /s/ Jack Miller, Esquire, for*
                                           William C. Miller
                                           Chapter 13 Trustee



Approved by the Court this ___ day of _____, 2021.  However, the court retains
discretion regarding entry of any further order.




                                           _____
                                           Bankruptcy Judge
                                           Magdeline D. Coleman